[Cite as *State v. Hagerman*, 2018-Ohio-2135.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

JAIME HAGERMAN

    Appellant

C.A. No.    17CA011176

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15CR092591

DECISION AND JOURNAL ENTRY

Dated: June 4, 2018

HENSAL, Judge.

{¶1}    Jaime Hagerman appeals a judgment of the Lorain County Court of Common Pleas that denied her motion to suppress. For the following reasons, this Court affirms.

I.

{¶2}    A white male wearing a bandana left the Joyful Mug in a dark Chevrolet Blazer without paying his tab. Upon learning about the theft, the Elyria Police Department sent a dispatch to Officer Brandon Pool, who was patrolling in the area where the Blazer had headed. Officer Pool drove his patrol car to the road on which the Blazer had been seen and spotted a vehicle matching the description. It was approximately 2:15 a.m. and there were no other vehicles on the road, so he initiated a traffic stop. After the vehicle stopped, he got out and approached the driver, Ms. Hagerman, while his partner approached the front-seat passenger, a white male. The officers spotted a bandana inside the vehicle.

{¶3}     When Officer Pool reached Ms. Hagerman, he detected a strong odor of alcohol. He asked her whether she had come from the Joyful Mug, and she said that they had. While speaking to her, Officer Pool noticed that her eyes were bloodshot, that her face was flushed red, that her speech was slightly slurred, and that she was not making much sense. When he asked her whether she had been drinking, she answered that she had, except that it was "way earlier." To ensure that she was safe to continue driving, Officer Pool asked Ms. Hagerman to step out of her vehicle so that he could administer field sobriety testing. Although agitated by the stop, Ms. Hagerman became even more agitated upon having to exit her vehicle, and she began flailing around. Officer Pool testified that he administered two field sobriety tests, the walk and turn test and the horizontal gaze nystagmus test, observing clues of intoxication during both tests. He began to administer the one-leg stand test, but stopped because of how agitated Ms. Hagerman had become. Based on his observations, he attempted to arrest her for operating a vehicle under the influence of alcohol. Ms. Hagerman fought the officer and his partner, but they eventually handcuffed her and secured her in the back of their patrol car.

{¶4}     The Grand Jury indicted Ms. Hagerman for two counts of operating a vehicle under the influence of alcohol, one count of obstructing official business, and one count of resisting arrest. She moved to suppress the evidence against her, arguing that there was no lawful cause to detain her, that there was no probable cause to arrest her without a warrant, that her statements were obtained in violation of her right against self-incrimination and her right to counsel, that the field sobriety testing was not conducted in accordance with national standards, that Officer Pool did not have reasonable cause to believe that she was operating a vehicle under the influence of alcohol, and that he improperly advised her of the Ohio Implied Consent provisions. Following a hearing, the trial court denied her motion. Ms. Hagerman subsequently

pleaded no contest to the offenses, and the trial court found her guilty of them. It sentenced her to three years of community control, which included 120 days in a correctional facility. Ms. Hagerman has appealed, assigning two errors.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS FIELD SOBRIETY TESTS AS COMPLIANCE WAS NOT SUPPORTED BY EVIDENCE OF ANY ACCEPTABLE STANDARDS OR RULES, NEITHER PROFFERED BY THE STATE NOR TAKEN BY JUDICIAL NOTICE.

{¶5} Ms. Hagerman notes that, under Revised Code Section 4511.19(D)(4)(b), an officer may testify about field sobriety test results if the officer administered the test in substantial compliance with its standards. She argues that the field sobriety tests that Officer Pool administered did not comply with any generally accepted standards, so the trial court should have suppressed the results of the tests.

{¶6} Field sobriety test results can be used for two purposes. First, they can serve as evidence of probable cause to arrest. *See State v. Homan*, 89 Ohio St.3d 421 (2000), paragraph one of the syllabus. Second, they can be admitted at trial as evidence that the defendant operated a vehicle under the influence of alcohol. *See State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 8. In this assignment of error, Ms. Hagerman is not arguing that the test results should not have been used by the trial court to determine whether Officer Pool had probable cause to arrest her. Instead, she is arguing that the court should have "suppressed" the results and not permitted their introduction at trial.

{¶7} A motion to suppress is a device used to eliminate evidence from a criminal case that was obtained illegally, typically in violation of the defendant's fourth, fifth, or sixth

amendment rights. *State v. French*, 72 Ohio St.3d 446, 449 (1995). The issue that Ms. Hagerman raises does not involve a constitutional question such as probable cause to arrest. In general, motions that seek a pre-trial ruling on the admissibility of evidence that do not involve a defendant's constitutional rights are motions in limine. *State v. Green*, 4th Dist. Pickaway No. 01CA8, 2001 Ohio App. LEXIS 6065, *8 (Nov. 20, 2001). Ms. Hagerman's motion to exclude the results of the field sobriety tests at trial, therefore, should be treated as a motion in limine, not a motion to suppress. *Id.* at *9.

{¶8} "A ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal." *State v. Kerr*, 9th Dist. Medina No. 3205-M, 2002-Ohio-2095, ¶ 7. Because it is only a preliminary decision as to the admissibility of the evidence, "an objection to such must be raised once the evidentiary issue is presented during trial in order to properly preserve the question for appeal." *Id.* In this case, Ms. Hagerman pleaded no contest to the charges instead of going to trial. Accordingly, we conclude that she has not preserved this issue for appellate review. *Id.* at ¶ 8 (concluding that this Court could not review the trial court's ruling that field sobriety results were admissible because defendant pleaded no contest); *Green* at *10. Ms. Hagerman's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE DENIAL OF DEFENDANT'S MOTION TO SUPPRESS WAS IMPROPER AS THE DEFENDANT'S ARREST FOR OVI WAS NOT SUPPORTED BY PROBABLE CAUSE AND IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶9} Ms. Hagerman next argues that the trial court incorrectly denied her motion to suppress because Officer Pool did not have probable cause to arrest her for operating under the influence of alcohol. A motion to suppress presents a mixed question of law and fact:

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶10} To determine whether a police officer had probable cause to arrest an individual for operating under the influence, we consider whether, under the totality of the facts and circumstances surrounding the arrest at the moment of arrest, the officer "had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *Homan*, 89 Ohio St. 3d 421, at 427. In evaluating whether probable cause existed, the officer's observations during the defendant's performance of nonscientific field sobriety tests can be considered even if the results of those tests cannot. *State v. Reddington*, 9th Dist. Medina No. 14CA0064-M, 2015-Ohio-2890, ¶ 23; *see Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, at ¶ 14-16.

{¶11} Officer Pool testified that, when he encountered Ms. Hagerman, her eyes were bloodshot red, she smelled of the odor of alcoholic beverages, her face was flushed red, her speech was slightly slurred, and she was not making much sense while talking. She admitted that she had been drinking to him. After she got out of her vehicle, she was agitated and "flailing around[.]" He testified that, when he administered a walk and turn test, Ms. Hagerman did not

follow his instructions. Specifically, she took only eight steps instead of nine, she did not turn correctly, she did not walk heel to toe, and she stepped off the line with both her left and right feet. When he administered a nystagmus test, he observed nystagmus during each part of the test. Ms. Hagerman also refused to perform a one-leg stand test. Officer Pool testified that, in his training and experience, if someone refuses to do that test, it means that she was too intoxicated to do it.

{¶12} Ms. Hagerman notes that Officer Pool never observed her commit any traffic violations. It is possible, however, "to have a valid arrest for driving under the influence of alcohol even though the arresting officer has not actually observed the arrestee operating a vehicle in an erratic or unsafe manner." *City of Tallmadge v. Barker*, 9th Dist. Summit No. 24414, 2009-Ohio-1334, ¶ 17, quoting *State v. Snider*, 9th Dist. Medina No. 2924-M, 1999 Ohio App. LEXIS 3442, *8 fn. 3 (July 28, 1999). Upon review of the totality of the circumstances in this case, we conclude that Officer Pool had sufficient cause to believe that Ms. Hagerman was operating a vehicle under the influence. We, therefore, conclude that the trial court correctly denied her motion to suppress. Ms. Hagerman's second assignment of error is overruled.

III.

{¶13} Ms. Hagerman's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

---

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

MICHAEL E. STEPANIK, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and RICHARD A. GRONSKY and LINDSEY C. POPROCKI, Assistant Prosecuting Attorneys, for Appellee.