[Cite as *State v. Orrell*, 2024-Ohio-1194.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DETRICK E. ORRELL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 CO 0028

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2022 CR 140

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Columbiana County Prosecutor, and *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Dennis W. McNamara*, for Defendant-Appellant.

Dated: March 28, 2024

**HANNI, J.**

{¶1} Defendant-Appellant, Detrick E. Orrell, appeals from a Columbiana County Common Pleas Court judgment convicting him of possession of cocaine, a second-degree felony, with a forfeiture specification. Appellant was sentenced to an indefinite prison term of three to four-and-a-half years with a cash forfeiture. Appellant contends that the trial court erred by admitting other acts testimony under Evid.R. 404(B).

{¶2} For the following reasons, we first find that Appellant's motion in limine is appealable, but his sole assignment of error lacks merit.

{¶3} On March 9, 2022, the Columbiana County Grand Jury secretly indicted Appellant for cocaine possession in violation of R.C. 2925.11(A), a first-degree felony. The amount was alleged to be equal to or greater than 27 grams, but less than 100 grams. A forfeiture specification was included for $1,866.

{¶4} Appellant agreed to the facts as set forth by the State in its motion in limine:

The defendant herein is charged with Possession of Drugs (cocaine), Felony One and a forfeiture specification. A search warrant was executed at the defendant's residence at 414 Morton Street, East Liverpool, Ohio on 4-14-21. The probable cause for issuance of the search warrant was based on an investigation by the Columbiana County Drug Task Force into drug activity at that residence. That investigation included the completion of two controlled purchases of cocaine from [Norman] Shields on 4-8-21 and 4-13-21. During the course of those purchases, information was obtained that the defendant had supplied the cocaine that Shields sold. Further, Shields has recently advised that he frequently purchased/obtained cocaine from the Defendant.

During execution of the search warrant, approximately 7 grams of cocaine was discovered in a PVC pipe in the basement area of the home and approximately 77 grams of cocaine was discovered with a large quantity of marijuana and two digital scales inside a bookbag that was located in the upstairs portion of the residence occupied by the defendant and his fiancé Natasha Rodriguez. Additionally, U.S. currency that had been marked and

utilized in the controlled purchases was recovered from the defendant's person and from the mantle in the living room which was utilized as the defendant and Rodriquez's[sic] bedroom and was located adjacent to the dining room where the bookbag was recovered.

Shields and Rodriguez were also indicted in separate cases for the drugs found in the residence. (Tr. at 6-7, 31).

{¶5} On March 16, 2023, Appellant filed a motion to exclude improper other acts evidence. He asserted that the State planned to introduce other acts testimony and failed to file the required Evid.R. 404(B) notice of its intention to do so. Appellant explained that the State planned to use a recorded interview of Norman Shields, who would be a State's witness at trial. Shields was working as a contractor at the home where Appellant lived with his fiancé, who owned the home.

{¶6} Appellant explained in the recorded interview, Shields stated that he bought cocaine from Appellant prior to April 14, 2021 and the cocaine found by police in Appellant's basement was his. However, Shields indicated that he was unaware that police also found 77 grams of cocaine on the first floor of the house. Appellant posited that Shields speculated to police that this cocaine belonged to Appellant.

{¶7} On March 17, 2023, the State filed its motion in limine requesting permission to present Shields' testimony at trial about controlled drug purchases on April 8, 2021 and April 13, 2021, and other occasions. The State offered that in his interview, Shields stated that Appellant supplied him with cocaine for the controlled purchases, which he then resold. The State explained that the testimony was relevant background information to explain why a search warrant was executed at Appellant's residence. The State further asserted that Shields' testimony was intertwined with Appellant's drug possession charge because it explained the relationship between Shields and Appellant and went directly to Appellant's knowledge of drug activity at his residence, as well as motive, preparation, plan, and identity.

{¶8} Appellant asserted that the April 8 and April 13, 2021 purchases were not made at his residence and he was not present at those sales. He asserted that these sales did not tend in any way to prove or disprove whether he possessed 77 grams of cocaine on April 14, 2021. He contended that mere recitation of knowledge, motive,

preparation, plan or identity fails to establish their existence, and testimony of the prior drug sales was unreliable without specific dates of the sales or lab reports confirming the drugs.

{¶9} On March 20, 2023, immediately prior to seating the jury for trial, the court held a hearing on the motion in limine. Upon argument from both parties, the court ruled that the April 8 and April 13, 2021 drug purchases were admissible. (Tr. at 44, 46).

{¶10} The State addressed its request for admission of additional prior acts between Appellant and Shields that occurred up to two years before the indicted charge. (Tr. at 44). The court heard argument and recessed to review caselaw support provided by the State and to address the jury to explain the trial delay. (Tr. at 53).

{¶11} Upon reconvening, the parties informed the court that they negotiated a plea whereby Appellant would plead no contest to second-degree felony possession of cocaine with the forfeiture specification. (Tr. at 54). The State would agree to jointly recommend a three-year prison term. (Tr. at 55).

{¶12} At the plea colloquy, the court informed Appellant of his rights and the consequences of pleading no contest. (Tr. at 61). Defense counsel stated that Appellant had a right to appeal the other acts ruling by the court and other limited issues. (Tr. at 61). The "Defendant's Response to Court" form completed by the court confirmed that Appellant understood his rights, the consequences of his plea, and the potential sentence. It stated that Appellant waived his right to appeal certain issues, but he could appeal the ruling on the other acts evidence.

{¶13} On March 22, 2023, the trial court issued a judgment entry stating it heard arguments on the other acts motion under Evid.R. 404(B). The court indicated that it made "preliminary rulings permitting the State of Ohio to introduce evidence of other acts allegedly occurring on or about April 8, 2021 and April 13, 2021." The entry provided that the court held the plea colloquy, found that Appellant knowingly, voluntarily, and intelligently waived his rights and entered no contest to second-degree felony drug possession with forfeiture.

{¶14} The trial court held a sentencing hearing on April 21, 2023 and sentenced Appellant to three years to four-and-a-half years of mandatory prison time. The court informed Appellant of post-release control and forfeiture of $1,866 in currency. The court

Case No. 23 CO 0028

issued its sentencing entry on April 24, 2023 and denied Appellant's request for a stay of execution of sentence pending appeal.

{¶15} On May 22, 2023, Appellant filed a notice of appeal to this court raising a single assignment of error.

## APPEAL OF MOTION IN LIMINE

{¶16} Although neither party raises the issue, we note that Appellant pleaded no contest in this matter, a procedural pitfall that would ordinarily preclude appellate review on a motion in limine. A defendant who pleads no contest ordinarily waives the right to appeal an adverse ruling on a motion in limine because such errors must be presented by an objection, proffer, or ruling on the record. *State v. Barr*, 2023-Ohio-1017, 211 N.E.3d 833, ¶ 13 (7th Dist.), citing *State v. French*, 72 Ohio St.3d 446, 450, 650 N.E.2d 887 (1995) ("[a] ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling.").

{¶17} However, an exception exists to allow such review where the admissibility of the evidence was determined with finality. An appellate court may review a motion in limine ruling when it is the functional equivalent of a motion to suppress and a defendant conditioned his plea on his ability to appeal that ruling. *See State v. Walters*, 2023-Ohio-2701, 222 N.E.3d 796, ¶ 25 (2d Dist.). In *State v. Shalash,* 12th Dist. Warren No. CA2014-12-146, 2015-Ohio-3836, ¶ 31, the court explained:

> A definitive or exclusionary motion in limine is "the functional equivalent" of a motion to suppress, which determines the admissibility of evidence with finality. *State v. Johnston*, 2d Dist. Montgomery No. 26016, 2015-Ohio-450 at ¶ 16, citing *State v. French*, 72 Ohio St.3d 446, 450, 650 N.E.2d 887 (1995). A motion in limine may be used "as the functional equivalent of a motion to suppress evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation." *Id.* " 'The essential difference between a [motion to suppress] and a motion in limine is that the former is capable of resolution without a full trial, while the latter requires consideration of the issue in the context of

the other evidence.' " (Emphasis deleted.) *Johnston* at ¶ 17, quoting *State v. Hall*, 57 Ohio App.3d 144, 146 (8th Dist.1989).

**{¶18}** In *Shalash, supra*, at ¶ 38, the court held that a court's motion in limine ruling can be preserved for review by a no contest plea if: (1) the motion in limine is used as the functional equivalent to a motion to suppress, (2) a clear understanding exists between the trial court and the parties that the ruling will be preserved for review, (3) the issue was fully developed and contested in the record, and (4) the issue was conclusively determined without a trial and is ripe for review on appeal.

**{¶19}** We find that Appellant's motion in limine in this case is appealable. Applying the first prong of the test in *Shalash*, the motion in limine constituted the functional equivalent of a motion to suppress. It is true that the trial court's March 22, 2023 entry did not describe the hearing with any specificity and made only a one-line statement as to its ruling. However, a review of the hearing transcript confirms that the court made a final determination on the motion. The court conclusively determined at the motion hearing that "clearly" the April 8 and April 13 controlled purchases were admissible and denied Appellant's motion. (Tr. at 44).

**{¶20}** As to *Shalash's* second prong, the trial court and the parties understood that this issue was preserved for appeal despite Appellant's no contest plea. The court did not correct defense counsel when he informed Appellant in open court that he could appeal the other acts motion in limine ruling. Further, during the plea colloquy, the court initially informed Appellant that he would not be able to appeal if he entered a no contest plea. (Tr. at 61). Defense counsel told Appellant that he could appeal the ineffectiveness of counsel and the Reagan Tokes Act. (Tr. at 61). Defense counsel further stated that Appellant had a right to appeal the court's ruling concerning other acts evidence. (Tr. at 61). The court asked Appellant if he understood that he could appeal the limited issues that counsel stated. (Tr. at 62). Appellant affirmed.

**{¶21}** The court also proceeded through the plea colloquy and asked Appellant if he reviewed the "Responses to the Court" and "Judicial Advice" forms with his counsel and if he understood and signed them. (Tr. at 63-64). The completed "Response to Court" form stated that Appellant understood that by pleading no contest, he surrendered his right to challenge everything prior to the plea, other than a challenge to the indefinite

Case No. 23 CO 0028

sentence. However, in addition to this typed part of the form, the court handwrote, "And also an appeal of the intended use of other acts evidence." This evinces a clear understanding between the court and the parties that Appellant preserved the other acts ruling for review.

{¶22} *Shalash's* third and fourth factors are also met here. The transcript establishes that the issue was fully developed and contested in the record as it was readily apparent that all parties and the trial court had listened to Shield's recorded statement. At the hearing, the state proffered the statement and detailed what statements would be used and how they would be used against Appellant. Arguments from both sides were presented and the court concluded the hearing by stating "I clearly – the April 8 and April 13 can come in." The court continued to state that it had made its ruling as to these specific instances but would further consider any remaining issues later. Thus, the court clearly finalized its decisions as to these statements.

{¶23} For these reasons, we find that Appellant's motion in limine is appealable. We turn to his sole assignment of error.

## SOLE ASSIGNMENT OF ERROR

{¶24} In his sole assignment of error, Appellant asserts:

**THE TRIAL COURT ERRED WHEN IT RULED ADMISSIBLE THE TESTIMONY OF NORMAN SHIELD[SIC] INVOLVING HIS APRIL 8, 2021 AND APRIL 13, 2021 PURPORTED PURCHASES OF COCAINE FROM APPELLANT.**

{¶25} Appellant contends that we apply a de novo and an abuse of discretion standard of appellate review when reviewing other acts determinations. He asserts that the de novo standard applies to determine whether the other acts evidence was offered for a permissible purpose that is not based on propensity. He asserts that we then apply an abuse of discretion standard to determine whether the trial court erred by admitting the other act evidence for that purpose. He cites *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651 and *State v. Smith*, 162 Ohio St.3d 353, 2020-Ohio-4441, 165 N.E.3d 1123, as governing the admission of other acts evidence under Evid.R.

404(B). He analyzes the court's Evid.R. 404(B) determination in his case based on the three-prong test outlined in *Hartman* and *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 20.

**{¶26}** Appellant notes that the court did not issue a separate opinion addressing Mr. Shields' statements and Evid.R. 404(B). However, he relies on the trial court's ruling on the record and challenges this ruling in lieu of a written opinion:

> All right. Well, again, based upon the arguments, based upon my understanding of the law, I do think that Mr. Shields' testimony would be permissible under the plan, scheme, intent, knowledge, and even the identity according to [State v. Lowe]. Because [State v. Lowe] says identity can be –"Other acts can be evidence of identity in two types of situations. First, where the other acts form part of the immediate background of the alleged acts, which forms the foundation of the crime charged in the indictment, and which are inextricably related to the alleged criminal act." Again, citing [State v. Curry].

(Tr. at 41-42).

**{¶27}** Appellant addresses the threshold question of the *Hartman* test, which is whether the proffered evidence is relevant under Evid.R. 402. He emphasizes that relevancy focuses on the particular purpose for which the proffered evidence is being offered and not on the charges or a defendant's guilt.

**{¶28}** Appellant challenges common scheme or plan, the first Rule 404(B) purpose offered by the State. Citing *Hartman*, Appellant asserts that the alleged drug sales on April 8 and April 13, 2021 were not made in furtherance of a bigger plan or grand design and the April 14, 2021 sale was not part of a larger criminal scheme. He contends that the alleged drug sales did not form the "immediate background" of his drug possession charge and were not part of the "same transaction" as the charged crime. Appellant asserts that admitting Mr. Shields' interview and testimony would only demonstrate Appellant's propensity for possessing cocaine.

**{¶29}** Appellant also asserts that the Evid.R. 404(B) intent factor does not apply. He contends that intent is not an element of cocaine possession and the trial court erred

in relying on intent under Evid.R. 404(B) in admitting Shields' testimony. He quotes *Hartman, supra* at ¶ 57-58, that courts should exercise caution in determining whether to admit other acts evidence based on intent or absence of mistake because "there is a thin line between the permissible use of other acts evidence to show intent and the impermissible use to show propensity. Allowing other acts evidence to prove the defendant's state of mind 'flirt[s] dangerously with eviscerating the character evidence prohibition' altogether."

**{¶30}** Appellant also contends that the Evid.R. 404(B) knowledge factor duplicates an element of drug possession and therefore it becomes propensity evidence. He concludes that admitting Mr. Shields' statements on this factor crosses the line into propensity.

**{¶31}** Concerning the Evid.R. 404(B) factor of identity, Appellant points to the Ohio Supreme Court's warning in *State v. Lowe*, 69 Ohio St.3d 527, 530, 634 N.E.2d 616 (1994), that courts must recognize the difference between "evidence which shows that a defendant is the type of person who might commit a particular crime and evidence which shows that a defendant is the person who committed a particular crime." Appellant asserts that the trial court relied on *Lowe* and *Curry* to find that other acts evidence is admissible when other acts "form part of the immediate background of the alleged acts, which forms the foundation of the crime charged in the indictment, and which are inextricably related to the alleged criminal act." (Tr. at 31).

**{¶32}** Appellant notes that in *Lowe, supra* at 531, the court provided factual examples involving identity that would be inextricably intertwined with the alleged charged criminal act in the case of aggravated murder. He contends that his purported sales of cocaine to Mr. Shields one day and five days before the day of the conduct charged in the indictment fails to establish an immediate background and was not inextricably intertwined to the drug possession charge.

**{¶33}** Appellant further asserts that even if the trial court correctly found that one of the Evid.R. 404(B) exceptions applied, the court abused its discretion under the third prong of *Hartman*. He contends that the court erroneously admitted Shields' statements without addressing whether their probative value outweighed the unfair prejudice. Appellant contends that even if the court conducted this analysis, the probative value did

not outweigh the unfair prejudice because Mr. Shields' statements would have prejudicially indicated that Appellant possessed and sold cocaine near the time of the charged offense. Appellant submits that a limiting jury instruction would not have cured unfair prejudice resulting from admitting this testimony.

**{¶34}** Appellant also relies on *Hartman, supra*, at ¶ 69, to assert that trial courts should consider whether the prosecution can present evidence besides the other acts evidence to prove the same fact with less prejudicial impact. He cites to the transcript where the State indicated that it had other evidence to present along with Shields' statements. (Tr. at 39-40).

**{¶35}** Appellant's sole assignment of error lacks merit. Evid.R. 404(B) provides that "evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." It further provides that other acts evidence may be admitted for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Evid.R. 404(B).

**{¶36}** "The key is that the evidence must prove something other than the defendant's disposition to commit certain acts." *State v. Hartman*, 161 Ohio St.3d 214, 2020-Ohio-4440, 161 N.E.3d 651, ¶ 22. Since the admissibility of other acts evidence is a question of law, the Court applies a de novo review to determine whether the evidence was offered for an impermissible purpose. *Id.* However, an abuse of discretion standard applies to the trial court's determination of allowing admissible other acts evidence for a permissible purpose. *State v. Williams*, 134 Ohio St.3d 521, 2012-Ohio-5695, 983 N.E.2d 1278, ¶ 17.

**{¶37}** In *Williams, supra,* at ¶ 20, the Ohio Supreme Court set forth the following test for determining the admissibility of other acts evidence:

> [t]he first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is

presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. *See* Evid.R 403.

In *Hartman*, *supra*, at ¶ 24-29, the court implemented the *Williams* test and elaborated on its steps.

**{¶38}** In *State v. Blake*, 7th Dist. Columbiana No. 22 CO 0020, 2023-Ohio-2748, ¶ 33, we rejected the defendant's assertion that prior uncharged drug transactions were irrelevant under Evid.R. 404(B). Like Appellant in this case, Blake argued that the prior acts were irrelevant because he was charged with constructive possession of the drugs and not drug trafficking. *Id.*

**{¶39}** We applied the three steps in *Williams* and held that the drug transactions were relevant because they connected the prior drug buys to the defendant as the cash found in the defendant's pocket included the money marked from the prior drug purchases. *Id.* at ¶ 39. We held that the prior drug buys were not presented to prove the defendant's character to act in propensity therewith, but rather demonstrated the defendant's knowledge of the drugs in the room and absence of mistake. *Id.* at ¶ 40. We further held that while the prior buys were prejudicial, like most of the evidence presented by the prosecution, the danger of unfair prejudice did not outweigh the probative value. *Id.* at ¶ 41. We held that the money found in the defendant's pocket from the prior drug buys demonstrated the link for constructive possession that the State was required to establish between the defendant and the drugs. *Id.* at ¶ 43.

**{¶40}** In finding that Shields' testimony concerning the two controlled purchases was admissible in this case, the trial court held that it was permissible under:

> plan, scheme, intent, knowledge, and even the identity according to [State v. Lowe]. Because [State v. Lowe] says identity can be --"Other acts can be evidence of identity in two types of situations. First, where the other acts form part of the immediate background of the alleged acts, which forms the foundation of the crime charged in the indictment, and which are inextricably related to the alleged criminal act."

(Tr. at 41-42).

**{¶41}** Appellant entered a no contest plea to drug possession. The State indicated that it was relying on Appellant's constructive possession of the cocaine found in his home upon execution of the search warrant.

**{¶42}** The possession of drugs can be actual or constructive. *State v. Carter*, 7th Dist. Jefferson No. 97-JE-24, 2000 WL 748140, *4 (May 30, 2000). A person's mere presence near an area where drugs are located does not establish that he constructively possessed those drugs. *State v. Fry*, 4th Dist. Jackson No. 03CA26, 2004-Ohio-5747, ¶ 40. "'It must also be shown that the person was conscious of the presence of the object.'" *State v. Vaughn*, 7th Dist. Mahoning No. 20 MA 0106, 2022-Ohio-3615, ¶ 21, quoting *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362 (1982).

**{¶43}** But a defendant's proximity to the drugs may constitute some evidence of constructive possession. *Id.* In addition, a defendant's conviction for drug possession can be based upon circumstantial evidence of possession. *State v. DeSarro*, 7th Dist. Columbiana No. 13 CO 39, 2015-Ohio-5470, ¶ 41.

**{¶44}** Applying the first step under *Williams*, Shields' testimony about the controlled purchases is relevant to making a fact of consequence more probable than without the evidence. The testimony that Shields bought cocaine from Appellant one and five days before the instant charge provided background information to obtain the search warrant and to establish the relationship between Shields and Appellant. It also helped establish the likelihood that Appellant knew about the cocaine in his home for the constructive possession charge, since the two purchases occurred in the same week as the execution of the search warrant.

**{¶45}** In applying the second step, the testimony regarding the controlled buys was not presented to prove Appellant's character. Rather, it went toward showing that Appellant knew that cocaine was present in his home upon execution of the search warrant. Again, the two controlled buys occurred on April 8, 2021 and April 13, 2021, within the very week of the search warrant which prompted the charge in the instant case. Shields would testify that he got the cocaine from Appellant for these purchases and thus it was likely that Appellant would store the drugs in his home. This establishes the knowledge element necessary for constructive possession.

Case No. 23 CO 0028

**{¶46}** The third step is more difficult. Shields' testimony regarding the controlled buys would prejudice Appellant as most evidence presented by the State is ordinarily prejudicial. *State v. Blake*, 7th Dist. Columbiana No. 22 CO 0020, 2023-Ohio-2748, ¶ 41. However, the testimony would establish that Appellant knew about cocaine in his house since Shields would testify that he obtained the cocaine for the controlled buys from Appellant and those buys were made so close in time to the search warrant. Thus, the third step is also met.

**{¶47}** Accordingly, we find that Appellant's assignment of error lacks merit and is overruled.

Waite, J., concurs.

Klatt, J., concurs.

————————————————

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**