[Cite as *State v. Hendrix*, 2024-Ohio-5048.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 2024CA0026-M |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAISON I. HENDRIX | | COURT OF COMMON PLEAS COUNTY OF MEDINA, OHIO |
| Appellant | | CASE No. 2023CR0132 |

## DECISION AND JOURNAL ENTRY

Dated: October 21, 2024

FLAGG LANZINGER, Judge.

**{¶1}** Jaison Hendrix appeals from the judgment of Medina County Court of Common Pleas. For the following reasons, this Court affirms.

I.

**{¶2}** A grand jury indicted Hendrix on one count of rape in violation of R.C. 2907.02(A)(1)(b), which prohibits a person from engaging in sexual conduct with a person who is "less than thirteen years of age, whether or not the offender knows the age of the other person." The charge was based on an allegation that Hendrix engaged in sexual conduct with K.T. At the time of the incident, Hendrix was 18 years old and K.T. was 12 years old. Hendrix pleaded not guilty and the matter proceeded through the pretrial process.

**{¶3}** A jury trial commenced on March 11, 2024. On the second day of trial, the State made an oral motion in limine to "prevent the Defense from arguing that [K.T.] lied about her age." The record reflects that the defense intended to present copies of text messages exchanged

between K.T. and her friend wherein K.T. acknowledged that she lied to Hendrix about her age, telling him she was 16 years old. The State argued that, because rape under R.C. 2907.02(A)(1)(b) is a strict liability offense, evidence that K.T. lied to Hendrix about her age was inadmissible on the basis that it was irrelevant.

{¶4} Defense counsel opposed the State's oral motion in limine. Defense counsel argued that the evidence was relevant because the only way the jury could find Hendrix not guilty was if it believed that K.T. convinced Hendrix that she was 16 years old.

{¶5} After considering the arguments of counsel, the trial court concluded that evidence indicating that K.T. lied about her age was inadmissible because it was "totally irrelevant . . . ." The trial court explained that R.C. 2907.02(A)(1)(b) imposes strict liability, and that it would "not allow [defense counsel] to do anything that smacks the jury nullification."

{¶6} After the trial court's ruling, defense counsel requested a recess to confer with Hendrix. Following the recess, defense counsel informed the trial court that Hendrix intended to plead no contest so that he could "take this matter up on appeal." Defense counsel then proffered evidence indicating that K.T. lied about her age because she told Hendrix she was 16 years old. This evidence included text messages exchanged between K.T. and her friends, social media messages exchanged between Hendrix and K.T., and pictures of K.T.

{¶7} After the proffer, Hendrix pleaded no contest. The trial court accepted Hendrix's plea and found him guilty. The trial court sentenced Hendrix to life in prison with parole eligibility after ten years. Hendrix now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED AN ERROR BY DENYING ADMISSION OF EVIDENCE REGARDING VICTIM'S MISREPRESENTATION ABOUT HER AGE IN VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS.

{¶8} In his assignment of error, Hendrix argues that the trial court erred by precluding defense counsel from presenting evidence at trial indicating that K.T. lied about her age. For the following reasons, this Court disagrees.

{¶9} Initially, this Court must consider whether Hendrix has preserved this issue for appeal despite pleading no contest. *See State v. Orrell*, 2024-Ohio-1194, ¶ 16 (7th Dist.) (sua sponte addressing whether the appellant's plea of no contest precluded appellate review of a ruling on a motion in limine). "The Ohio Supreme Court has held that a trial court's ruling on a motion in limine is interlocutory in nature and does not preserve an evidentiary issue for appellate review in the absence of objection when the issue arises at trial." *State v. Echard*, 2009-Ohio-6616, ¶ 4 (9th Dist.), citing *Gable v. Gates Mills*, 2004-Ohio-5719, ¶ 35; *see State v. Sheckles*, 2024-Ohio-3339, ¶ 18. "This concept of preserving the issue for appeal applies, however, only if the motion in limine is of a type that requests a *preliminary* ruling prior to the issue being presented in context during trial." (Emphasis added.) *Akron v. Carter*, 2010-Ohio-5462, ¶ 7 (9th Dist.). Preliminary motions in limine include motions "aimed at evidence that may later become relevant and admissible if and when a proper foundation has been laid at trial." *Id.* at ¶ 8. If the motion in limine requests a preliminary ruling, then a plea of no contest bars appellate review of a ruling on that motion. *State v. Hagerman*, 2018-Ohio-2135, ¶ 8 (9th Dist.).

{¶10} Courts, however, have held that a ruling on a motion in limine can be preserved for appellate review even if a defendant pleads no contest if:

(1) the motion in limine is used as the functional equivalent to a motion to suppress, (2) a clear understanding exists between the trial court and the parties that the ruling will be preserved for review, (3) the issue was fully developed and contested in the record, and (4) the issue was conclusively determined without a trial and is ripe for review on appeal.

*Orrell*, 2024-Ohio-1194, at ¶ 18 (7th Dist.), quoting *State v. Shalash*, 2015-Ohio-3836, ¶ 38 (12th Dist.); *see State v. Heil*, 2019-Ohio-2602, ¶ 13 (9th Dist.) (acknowledging that "a motion in limine can, in certain circumstances, be considered functionally equivalent to a motion to suppress . . . .").

**{¶11}** A motion in limine is the "functional equivalent" to a motion to suppress when it "determines the admissibility of evidence with finality." *Orrell* at ¶ 17, quoting *Shalash* at ¶ 31. Such motions are referred to as "definitive[,]" as opposed to "preliminary[,]" motions in limine. *Carter* at ¶ 7- 9; *Shalash* at ¶ 31. As the functional equivalent to a motion to suppress, these motions are "capable of resolution without a full trial," and do not "require[] consideration of the issue in the context of the other evidence." *State v. Walters*, 2023-Ohio-2701, ¶ 25 (2d Dist.), quoting *State v. Napier*, 2017-Ohio-246, ¶ 20 (12th Dist.); *see also State v. Echard*, 2009-Ohio-6616, ¶ 2, 6 (9th Dist.) (acknowledging that a motion in limine that falls under Crim.R. 12(C) is appealable under Crim.R. 12(I) despite a plea of no contest).

**{¶12}** Here, the trial court's ruling on the State's motion in limine was not "preliminary" in nature because the State's motion was not "aimed at evidence that may later become relevant and admissible if and when a proper foundation has been laid at trial." *Carter*, 2010-Ohio-5462, at ¶ 8 (9th Dist.). Instead, it was "definitive" in nature because it "determine[d] the admissibility of evidence with finality." *State v. Napier*, 2017-Ohio-246, ¶ 20 (12th Dist.). Specifically, the trial court definitively determined that evidence regarding the fact that K.T. lied about her age was inadmissible because it was not relevant as to whether Hendrix committed rape under R.C.

2907.02(A)(1)(b). *See Carter* at ¶ 8 (explaining that "[s]ome evidence cannot ever become relevant and admissible[,]" and that a pretrial ruling regarding the admissibility of such evidence is "definitive."). Therefore, the State's motion in limine was the functional equivalent to a motion to suppress. *See Shalash*, 2015-Ohio-3836, at ¶ 31 (12th Dist.).

{¶13} Having determined that the State's motion in limine was the functional equivalent to a motion to suppress, this Court now considers whether:

> a clear understanding exists between the trial court and the parties that the ruling will be preserved for review[;] the issue was fully developed and contested in the record[;] and . . . the issue was conclusively determined without a trial and is ripe for review on appeal.

*Orrell*, 2024-Ohio-1194, at ¶ 18 (7th Dist.), quoting *Shalash* at ¶ 38 (12th Dist.). Applying this standard, this Court determines that Hendrix preserved this issue for appellate review.

{¶14} After ruling on the motion in limine, the trial court stated: "If you think I'm wrong, plead no contest and take me up on appeal." Defense counsel then requested a recess to confer with Hendrix. Upon returning from the recess, defense counsel informed the trial court that Hendrix intended to plead no contest so that he could "take this matter up on appeal." Defense counsel then proffered evidence indicating that K.T. lied to Hendrix about her age. After the proffer, Hendrix pleaded no contest. The trial court accepted Hendrix's plea and found him guilty. Under the facts of this case, this Court determines that Hendrix preserved this issue for appellate review. *Orrell* at ¶ 18; *see* Evid.R. 103(A) ("Once the court rules definitely on the record, either before or at trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."). This Court now turns to the merits of Hendrix's assignment of error.

{¶15} As noted, Hendrix argues that the trial court erred by precluding him from presenting evidence that K.T. lied about her age. "The trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been

materially prejudiced thereby, an appellate court should not disturb the decision of the trial court." *State v. Anderson*, 2023-Ohio-4463, ¶ 34 (9th Dist.), quoting *State v. Issa*, 93 Ohio St.3d 49, 64 (2001).

{¶16} Hendrix presents two primary arguments in support of his assignment of error, which this Court will address in turn. First, Hendrix argues that evidence indicating that K.T. lied about her age was relevant because age is an element of rape under R.C. 2907.02(A)(1)(b). In support of this argument, Hendrix appears to argue that the trial court erred by excluding this evidence on the basis that it could result in jury nullification.

{¶17} Hendrix's argument lacks merit. Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "Evidence which is not relevant is not admissible." Evid.R. 402.

{¶18} Hendrix was charged with statutory rape under R.C. 2907.02(A)(1)(b) for engaging in sexual conduct with a person under the age of 13. R.C. 2907.02(A)(1)(b) is a strict liability offense, providing that an offender commits the offense "whether or not the offender knows the age of the other person." *In re D.B.*, 2011-Ohio-2671, ¶ 13 ("R.C. 2907.02(A)(1)(b) criminalizes what is commonly known as 'statutory rape.' The statute holds offenders strictly liable for engaging in sexual conduct with children under the age of 13 . . . ."). Thus, regardless of any misrepresentations K.T. made to Hendrix about her age, Hendrix's knowledge (or lack thereof) of K.T.'s age was not relevant to the charge of statutory rape. *See In re Callahan*, 2002-Ohio-5484, ¶ 5-7 (5th Dist.) (holding that the victim's misrepresentation of her age was not a defense to statutory rape under R.C. 2907.02). Consequently, the trial court did not abuse its discretion by

precluding defense counsel from presenting evidence indicating that K.T. lied to Hendrix about her age.

**{¶19}** To the extent Hendrix argues that the trial court excluded this evidence on the basis that it could result in jury nullification, his argument lacks merit. A review of the record indicates that the trial court based its ruling on the fact that the evidence was not relevant. In doing so, the trial court briefly noted that it would "not allow [defense counsel] to do anything that smacks the jury nullification." Even if the trial court based its decision, in part, on the potential for jury nullification, the trial court correctly concluded that the evidence was inadmissible on the basis that it was not relevant. *See* Evid.R. 402. Any additional reasoning by the trial court, even if erroneous, does not change this fact. *See State v. Spaulding*, 2018-Ohio-3663, ¶ 36 (9th Dist.) (providing that this Court can affirm a legally correct judgment regardless of any flaw in the trial court's analysis).

**{¶20}** Second, Hendrix argues that, even if evidence regarding K.T.'s misrepresentation of her age was not relevant for purposes of R.C. 2907.02(A)(1)(b), such evidence was relevant to attack K.T.'s character for truthfulness on cross-examination under Evid.R. 608. Hendrix, however, made no argument regarding Evid.R. 608 to the trial court. As this Court has stated, "[a]rguments that were not raised in the trial court cannot be raised for the first time on appeal." *State v. Curley*, 2024-Ohio-1031, ¶ 7 (9th Dist.), quoting *JPMorgan Chase Bank, N.A. v. Burden*, 2014-Ohio-2746, ¶ 12 (9th Dist.).

**{¶21}** In light of the foregoing, Hendrix's assignment of error is overruled.

### III.

**{¶22}** Hendrix's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

8

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


JILL FLAGG LANZINGER
FOR THE COURT


STEVENSON, P. J.
CARR, J.
CONCUR.


APPEARANCES:

YU MI KIM-REYNOLDS, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and STEFANIE H. ZARANEC, Assistant Prosecuting Attorney, for Appellee.